BURNSIDE *v.* TROBAUGH.

Judgment—Res Judicata.

> In action by purchasers of confectionery business against vendors and their agents for fraud in the sale, judgment *non obstante veredicto* in favor of said agents, from which no appeal was taken, is *res judicata* in subsequent action against them based on same fraud.

Appeal from Wayne; Campbell (Allan), J. Submitted January 12, 1932. (Docket No. 114, Calendar No. 36,173.) Decided June 23, 1932. Rehearing denied September 14, 1932.

Case by Lot Burnside and another against Elbert L. Trobaugh and others for fraud in the sale of a confectionery business. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Hugh K. Davidson,* for plaintiffs.

North, J. Plaintiffs purchased a confectionery business, including fixtures and store in the city of Detroit, paying therefor $1,000 in cash and giving their notes secured by a mortgage back on the property for $1,800. After the purchase plaintiffs discovered they had been defrauded. They tendered back to the vendors the purchased property and the latter accepted the tender. Plaintiffs then brought suit against the two vendors and against four other persons who acted as agents in consummating the sale to plaintiffs. This was a tort action based upon the fraud perpetrated, and plaintiffs had judgment against all of the defendants; but upon motion for judgment notwithstanding verdict, the circuit judge before whom the case was tried granted the motion

as to the four defendants who had acted as agents in consummating the sale. At that time plaintiffs were allowed to amend their declaration, and on the theory of rescission took judgment in assumpsit against the two vendors. No part of this judgment has been satisfied.

Later plaintiffs instituted the suit at bar against the four parties who acted as agents. Service was obtained upon only three of them. In this suit plaintiffs claim damages for the fraud of the agents which induced plaintiffs to purchase the store and confectionery business. While the record before us on this appeal is by no means clear or satisfactory, it seems that the three defendants by special notice under their plea raise the question of former adjudication, and also urge that since plaintiffs waived the tort committed by the vendors in this sale and took judgment in assumpsit they (plaintiffs) cannot now take an inconsistent position and recover in the instant case against these defendants on the ground of the same fraud that was waived in the former suit. The trial judge sustained defendants' contention and dismissed plaintiffs' suit. Plaintiffs have appealed.

The ruling of the trial judge was correct on the ground of *res judicata*. In the former tort action involving the same issue between these same parties plaintiffs had verdict. When, in that former suit, the circuit judge ordered judgment *non obstante,* there was final adjudication adverse to plaintiffs. They did not appeal, and so are bound thereby. Our judgment is for affirmance; but since appellees have taken no part in this appeal, no costs will be awarded in this court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.